NOT FOR PUBLICATION                                           (Docket No. 17)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                        :
KENNETH BUCHANAN,                       :
                                        :
            Plaintiff,                   :
                                        :
      v.                                :        Civil No. 07-5568 (RBK)
                                        :        **OPINION**
ERIC TAYLOR, et al.,                    :
                                        :
            Defendants.                 :
_____:

**KUGLER**, United States District Judge:

        Before the Court is a motion by Defendants Eric Taylor, Warden at the Camden County

Correctional Facility, and Camden County Freeholders (collectively "Defendants") for summary

judgment on the Complaint of Plaintiff Kenneth Buchanan ("Plaintiff"). Plaintiff's Complaint

was filed pursuant to 42 U.S.C. § 1983, and alleges that Plaintiff was not afforded proper medical

treatment and was subjected to unacceptable prison conditions during his confinement at the

Camden County Correctional Facility. For the reasons expressed below, the Court will grant

Defendants' motion.

**I.      BACKGROUND[1]**

        Plaintiff was an inmate at the Camden County Correctional Facility when he filed this

action. Eric Taylor is the Warden at the Camden County Correctional Facility.

_____

[1]Because Plaintiff did not oppose the instant motion, the background provided includes facts drawn from
Plaintiff's Complaint and Defendants' motion.

Plaintiff avers in his Complaint that he suffered a broken neck at the time of his arrest, for which he was treated at Cooper Hospital.  However, Plaintiff contends that he was not provided adequate follow-up care, that jail officials refused to take him to his scheduled medical appointments, including appointments with a neurosurgeon.  Defendants state in their motion for summary judgment that Plaintiff arrived at the Camden County Correctional Facility with a cervical collar and sutures in place, both resulting from a pre-incarceration injury.  However, Defendants provide a copy of medical records indicating that an x-ray taken once he was in custody showed that Plaintiff did not have a broken neck.  After Plaintiff filed suit in this matter, this Court held a hearing to consider whether Plaintiff's medical claim required immediate action with respect to Plaintiff's medical care.  In that hearing, on December 14, 2007, the Court considered Plaintiff's medical records provided by Defendants and ordered that no further action was immediately necessary regarding Plaintiff's medical care but that Plaintiff could proceed with his lawsuit.

Plaintiff's Complaint also includes various claims regarding the conditions at the Camden County Correctional Facility, including overcrowding, mold, lack of minimal toiletries and cleaning supplies, leaking ceilings, and other conditions.

II.     DISCUSSION

A.      STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  A genuine issue of material fact exists only if "the evidence is such that a

reasonable jury could find for the non-moving party." <u>Anderson v. Liberty Lobby, Inc</u>, 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her]favor." <u>Id</u>. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. <u>Celotex</u>, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case.  <u>Id</u>. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts."  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp</u>., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex</u>, 477 U.S. at 322.  Furthermore, "[w]hen opposing summary judgment, the nonmovant may not rest upon mere allegations, but rather must 'identify those facts of record which would contradict the facts identified by the movant.'"  <u>Corliss v. Varner</u>, 2007 WL 2709661 at *1 (3d Cir. Sept. 17, 2007) (<u>quoting</u> <u>Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.</u>, 311 F.3d 226, 233 (3d Cir. 2003)).

## B.    ANALYSIS

Defendants move for summary judgment on Plaintiff's Complaint on four grounds: that

Plaintiff failed to exhaust his administrative remedies; that Plaintiff's Eighth Amendment rights were not violated per Plaintiff's medical malpractice claim nor his conditions of confinement claim; that Plaintiff has no evidence of a custom or policy of deprivation of constitutional rights; and that Defendants are entitled to qualified immunity.

### 1.    Exhaustion of Administrative Remedies

Defendants contend that although Plaintiff was aware of the grievance procedure in the Camden County Correctional Facility, he did not use that procedure to complain of either his medical claim or his conditions of confinement claim.[2]  Plaintiff did not oppose Defendants' motion.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), codified as 42 U.S.C. § 1997e, prisoners are precluded from contesting prison conditions in federal court until exhausting "all avenues of relief available to them within their prison's inmate grievance system." Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004) (holding that the failure to "properly" exhaust administrative remedies under the PLRA constitutes a procedural default).[3]  The purpose of the exhaustion requirement is "(1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal

---

[2] Although Defendants' do not make clear whether this ground for their motion for summary judgment is argued with respect to both of Plaintiff's claims, the Court reads the motion as described to avoid a failure to consider any portion of Defendants' argument.

[3] Specifically, section 803(d) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

courts by erecting barriers to frivolous prisoner lawsuits." Spruill, 372 F.3d at 230. With this requirement, Congress intended to afford "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Id. at 227.

A plaintiff must pursue to completion all available administrative remedies, even if they are not "plain, speedy, and effective," do "not meet federal standards," or could not result in the relief requested in the suit. Porter v. Nussle, 534 U.S. 516, 524 (2002). The prisoner must "carry the grievance through any available appeals process" before the remedies will be deemed exhausted. Camino v. Scott, No. 05-4201, 2006 WL 1644707, *4 (D.N.J. June 7, 2006) (citing Spruill, 372 F.3d at 232). Summary judgment of an inmate's claim is proper where he has failed to exhaust administrative remedies. Fortune v. Bitner, No. 07-3385, 2008 WL 2766156, *3 (3d Cir. July 17, 2008).

In this instance, Defendants assert that Plaintiff, who had utilized the inmate grievance procedure before, did not use that process to address the claims in his Complaint. Defendants not only argue that Plaintiff failed to exhaust his administrative remedies on all matters at issue in this case, but also attach as evidence an affidavit sworn by Officer Rachel Hairston in support of their contention. Hairston testifies that she is the corrections officer responsible for reviewing and tracking inmate grievances at the Camden County Correctional Facility, and that in her review of Plaintiff's files, she determined that Plaintiff filed two grievances: one on July 25, 2007 requesting medical attention; and one on August 2, 2007 complaining that he was not receiving his mail.[4] Hairston further testifies that Plaintiff filed no other grievances.

---

[4]Defendants supply the Court with copies of two grievances filed by Plaintiff. The grievance regarding receipt of mail is not directly relevant in the instant case, although the medical treatment grievance is relevant. In that grievance, Plaintiff requests proper medical attention to treat his broken neck.

The evidence of Plaintiff's use of the inmate grievance procedure is uncontradicted, as Plaintiff did not oppose Defendants' motion.  The Court finds that given the evidence supplied by Defendants, Plaintiff failed to exhaust his claims regarding the conditions of his confinement.  Accordingly, the Court will grant Defendants' motion for summary judgment on Plaintiff's claim regarding the conditions of his confinement at the Camden County Correctional Facility.

Plaintiff's Complaint also contends that he was denied proper medical attention at the Camden County Correctional Facility, the same contention that formed the basis of one of Plaintiff's filed grievances.  Accordingly, the Court will not find that Plaintiff failed to exhaust his medical treatment claim.[5]

### 2.    Plaintiff's Medical Treatment Claim

Defendants argue that Plaintiff cannot sustain a § 1983 claim against Defendants because he cannot show that Defendants violated his Eighth Amendment rights.  Again, the Court notes that Plaintiff did not oppose Defendants' motion.

"To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  Prisoners have a protected right in being incarcerated at a place of confinement confirming to the standards set forth by the Eighth Amendment.  The Constitution "does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), but

---

[5]Defendants present no evidence to suggest that in order to exhaust his administrative remedies, Plaintiff needed to appeal the decision regarding his grievance about his medical treatment or take some other action.  Lacking such evidence, the Court infers that the initial grievance was sufficient to satisfy Plaintiff's administrative burden.

neither does it permit inhumane ones, and it is now settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993).  In its prohibition of "cruel and unusual punishments, the Eighth Amendment . . . imposes duties on [prison] officials, who must provide humane reasonable measures to guarantee the safety of the inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984); see Helling, 509 U.S. at 31-32; Washington v. Harper, 494 U.S. 210, 225 (1990); Estelle v. Gamble, 429 U.S. 97, 103 (1976).  The Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment.  Rhodes, 452 U.S. at 346, 347.  The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." Rhodes, 452 U.S. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)).

Thus, to prevail on a medical care claim under the Eighth Amendment, an inmate must show that the defendants were deliberately indifferent to his serious medical needs.  See Estelle v. Gamble, 429 U.S. 97; Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  "Deliberate indifference" exists "where [a] prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." Rouse, 182 F.3d at 197.  However, a refusal to consider an inmate's self-diagnosis or treatment plan does not amount to cruel and unusual punishment.  See White v. Napoleon, 897 F.2d 103 (3d Cir. 1990) (mere disagreements over medical judgment do not state Eighth Amendment claims).

A doctor's decision not to supply his inmate-patient with all those medical services that the patient desires or believes to be proper cannot amount to a constitutional violation.  See Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990); Gatewood v. Hendrick, 368 F.2d 179 (3d Cir. 1966), cert. denied, 386 U.S. 925 (1967) (prisoner who did not claim that he was denied any medical care but rather that he received only inadequate medical care, and gave no indication that he sustained serious physical injury as result of alleged inadequate treatment, failed to state claim for relief); see also Alsina-Ortiz v. Laboy, 400 F.3d 77 (1st Cir. 2005) (a doctor's failure to respond to certain request for services by the inmate, in context of the doctor's continued and regular services, did not deprive the inmate of a meaningful treatment); Hyde v. McGinnis, 429 F.2d 864 (2d Cir. 1970) (a difference of opinion between physician and patient did not sustain a claim under § 1983; the conduct must be so harmful that it should be characterized as a barbarous act that shocked the conscience); Church v. Hegstrom, 416 F.2d 449 (2d Cir. 1969) (mere negligence does not suffice to support a § 1983 action); Goff v. Bechtold, 632 F.Supp. 697 (S.D.W.Va. 1986) (denial of preferred course of treatment does not infringe Constitutional rights).

To be sure, there are instances where the denial of medical treatment may rise to the level of cruel and unusual punishment:

> Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest.  Similarly, where 'knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care,' the deliberate indifference standard has been met . . . .  Finally, deliberate indifference is demonstrated '[w]hen . . . prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment.

Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d. Cir. 1987) (internal citations omitted).  However, the Third Circuit makes a critical distinction between a disagreement over medical care and a denial of reasonable requests for care.

Defendants, in their involvement with Plaintiff's medical care and in their professional capacities, were acting under the color of state law.  Defendants aver, however, that Plaintiff cannot make a showing of Defendants' deliberate indifference.  In particular Defendants point to Plaintiff's medical records, attached as evidence, to show that Plaintiff was, in fact, treated for his injuries.  Plaintiff alleges in his Complaint that Defendants did not permit him to attend appointments for ongoing treatment with his doctor, however Plaintiff's medical records show that he was provided with medical care.  Indeed, in Plaintiff's own grievance regarding his medical care, he states that "the doctor here" prescribed medication for him and that "every time [he] [saw] the doctor" it was at his own insistence.  Plaintiff may disagree with the frequency of his appointments, however, such a disagreement about his care does not rise to the level of cruel and unusual punishment.  See Hyde, 429 F.2d at 864.

In not opposing Defendants' motion, Plaintiff does not present any evidence to the Court to suggest that Defendants acted contrary to the medical judgment of Plaintiff's healthcare providers.  Indeed, when this Court assessed whether or not Plaintiff was in need of immediate medical care upon the filing of his Complaint, the Court determined that no immediate action was necessary but that Plaintiff's lawsuit could proceed.  At its core then, Plaintiff's contention is that he was not provided adequate medical care, which is not actionable under § 1983 but is more properly grounded in a tort claim of medical malpractice.  There being no genuine issue of material fact to sustain Plaintiff's § 1983 claim grounded on an Eighth Amendment violation,

Defendants are entitled to summary judgment on Plaintiff's § 1983 claim.

### 3.    Defendants' Additional Arguments

As the Court has concluded that Plaintiff did not exhaust his administrative remedies as to his claim regarding the conditions of his confinement at the Camden County Correctional Facility and that his claim regarding medical treatment is not actionable under § 1983, this Court need not consider whether Plaintiff has evidence of a custom or policy of deprivation of constitutional rights nor whether Defendants are entitled to qualified immunity.

## III.    CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment on Plaintiff's Complaint is **GRANTED**.  The accompanying Order shall issue today.

Dated:    2-10-09

    /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

10